**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE KADISH and RM 18 CORP., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | No. 05 C 4874 |
| ) | |
| KMART CORPORATION, et al., ) | |
| ) | |
| Appellees. ) | |

**MEMORANDUM OPINION**

This case is before us on appeal from Bankruptcy Judge Sonderby's order of July 11, 2005, which resolved lease rejection claims for certain Kmart stores in the bankruptcy reorganization of Kmart Corporation ("Kmart").[1] For the reasons explained below, the motions of appellees to dismiss the appeal or, in the alternative, to require appellants to post a bond are denied, and the order of the bankruptcy court is affirmed.

**BACKGROUND**

On July 11, 2005, Bankruptcy Judge Sonderby entered an "Agreed Order Resolving Lease Rejection Claims for Kmart Stores Number 176, 179, 180, 181, 182, 184, 185, 188, 189, 190, 191, 193, 194, 195, 196, 212, 217, and 219." The order provides in pertinent part:

---

[1]/ On January 22, 2002, Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code.

> Upon consideration of the lease rejection claims . . . filed by J.P. Morgan Trust Company, National Association, as successor trustee to Bank One Trust Company, N.A. (the "Trustee"), as security assignee of the Leases between Aztex Associates, L.P., as lessor, and Kmart Corporation, as lessee, with respect to the eighteen Kmart Stores and/or Real Estate Holdings described and identified in Exhibit A attached hereto (the "Aztex Stores"); and Kmart Corporation ("Kmart") having filed objections to the Lease Rejection Claims; and <u>the Court being advised that the Trustee, Aztex Associates, L.P., and Kmart have resolved the Lease Rejection Claims and Administrative Claims related to the Aztex Stores</u>; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that Aztex Associates, shall have an Allowed Class 5 Lease Rejection Claim in the agreed amount of $16,947,571.39, which shall be satisfied in accordance with the terms of Kmart's confirmed plan of reorganization, and which shall be allocated to each of the eighteen Aztex Stores and related Leases in the amounts specified on Exhibit A to this Order . . . .

(Order of July 11, 2005 at 1 (emphasis added).)[2]

The underlined portion <u>supra</u> refers to a settlement of the Lease Rejection Claims and Administrative Claims among J.P. Morgan, Aztex, and Kmart. That settlement occurred within the bankruptcy proceeding of Malease 18 Corp., a case that was pending in the United States Bankruptcy Court for the Eastern District of New York. We need not delve into the complicated transactions involved in that case; all that matters for our purposes is that RM 18 Corp. and its principal, Lawrence Kadish, objected to the settlement. An earlier "Stipulation and Order" of dismissal had provided that no settlement of the Kmart claims would be made without the prior

---

[2] We will refer to J.P. Morgan Trust Company, N.A. as "J.P. Morgan" and to Aztex Associates, L.P. as "Aztex."

written consent of Kadish, which in turn was not to be unreasonably withheld or delayed.  Bankruptcy Judge Eisenberg re-opened the bankruptcy case and found that the settlement was fair and reasonable and that it would be unreasonable for Kadish to withhold his consent.

Kadish and RM 18 Corp. appeal from Judge Sonderby's order on the ground that it is "based upon the erroneous ruling of the New York Bankruptcy Court."  (Amended Brief of Appellants at vi.)  J.P. Morgan and Aztex move to dismiss the appeal.[3]

**DISCUSSION**

Appellants frame the issue as "[w]hether the Bankruptcy Court erred when it entered the Agreed Order . . . without the consent of [appellants]."  (Amended Brief of Appellants at vii.)  The issue of appellants' consent to the settlement, however, was previously resolved by Bankruptcy Judge Eisenberg, and appellants want us to review Judge Eisenberg's ruling.  Their argument is that the settlement was unreasonable and that their refusal to consent was well-founded, and they ask us "to overturn [Judge Sonderby's] Agreed Order in that it was entered in reliance upon an erroneous decision and interpretation of law [by Judge Eisenberg]."  (Amended Brief of Appellants at 25.)

---

[3] J.P. Morgan has filed a motion and substantive briefs, and Aztex has filed a joinder in that motion that has been docketed as a separate motion.

We note that appellants fail to disclose in their opening brief that they have appealed from Bankruptcy Judge Eisenberg's decision and that their appeal is currently pending before Judge Spatt of the Eastern District of New York. In their response to appellees' motion to dismiss the appeal, appellants attempt to explain their failure to advise this court of that appeal by arguing that they are "fight[ing] a two-headed appellate monster." (Brief in Opposition to Motion to Dismiss at 4.) This is no excuse. Regardless of the complexity or venue of the cases, appellants should have informed us of the pending New York appeal in their initial brief.[4] They are asking both this court and Judge Spatt to review Judge Eisenberg's decision, presenting the identical arguments and assignment of error.

In their motions to dismiss the appeal, appellees first contend that we have no jurisdiction to consider an appeal of an order entered by the Bankruptcy Court in New York. True, but the order appealed from here is Judge Sonderby's order, from which we do have jurisdiction to consider an appeal. The question before us is whether <u>Judge Sonderby</u> erred, but the only error assigned to Judge Sonderby is her reliance on what appellants deem the erroneous ruling of Judge Eisenberg, which we will not review.

---

[4] The appeal from Judge Eisenberg's decision was filed on August 19, 2005; the appeal in the instant case was filed less than a week later, on August 24, 2005.

Appellees argue that appellants are collaterally estopped from pursuing this appeal because they are improperly attempting to relitigate an issue already decided by the Bankruptcy Court in New York. We agree. Collateral estoppel, also known as issue preclusion, applies where (1) the issue sought to be precluded is the same as that involved in the prior litigation, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment, and (4) the party against whom estoppel is invoked was fully represented in the prior action. See Meyer v. Rigdon, 36 F.3d 1375, 1379 (7th Cir. 1994). Exhaustion of appellate remedies is not a normal requirement of issue preclusion, and a final judgment has preclusive effect even though it is pending on appeal.[5] See Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 160 (7th Cir. 1995); Prymer v. Ogden, 29 F.3d 1208, 1213 n.2 (7th Cir. 1994).

The issue involved in the Bankruptcy Court of New York was whether the settlement was enforceable as fair and reasonable absent the consent of appellants. Judge Eisenberg entered an order enforcing the settlement, finding that it was fair and reasonable

---

[5] Issue preclusion, a category of the res judicata doctrine, serves interests of certainty, consistency, and judicial economy. See generally 18 Charles Alan Wright et al., Federal Practice and Procedure § 4403 (2d ed. 2002). "The difficulties that result from denying preclusion pending appeal . . . are so great as to warrant the present rule that preclusion applies pending appeal, despite its own difficulties." 18A Charles Alan Wright et al., Federal Practice and Procedure § 4433 (2d ed. 2002). However, we note that Federal Rule of Civil Procedure 60(b)(5) provides for relief from a judgment or order where "a prior judgment upon which it is based has been reversed or otherwise vacated."

and that it would be unreasonable for Kadish to withhold consent. Appellants ask us to assign error to this determination. All of the requirements of issue preclusion appear to be satisfied. It is significant that in their response to appellees' motion to dismiss, Kadish and RM 18 wholly fail to address or even acknowledge the issue preclusion argument.

We hold that appellants are precluded from relitigating the issue of their consent to the settlement.[6] Appellees maintain that we should therefore dismiss this appeal, but issue preclusion is an affirmative defense, see Adair v. Sherman, 230 F.3d 890, 894 (7th Cir. 2000), and thus a ground for affirming Judge Sonderby's order rather than dismissing the appeal. Accordingly, appellees' motions to dismiss will be denied, and Judge Sonderby's order will be affirmed.

## CONCLUSION

For the foregoing reasons, appellees' motions to dismiss the appeal or, in the alternative, to require appellants to post a bond are denied. The motion of J.P. Morgan for leave to amend the record on appeal is denied as moot. The bankruptcy court's order of July 11, 2005 is affirmed.

---

[6] In view of our ruling, it is unnecessary to consider appellees' other arguments. Therefore, J.P. Morgan's motion for leave to amend the record on appeal, which seeks to add materials to the record that do not go to the collateral estoppel issue, is denied as moot.

DATE:     November 14, 2005

ENTER:    _____
          John F. Grady, United States District Judge