**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAWRENCE KADISH and RM 18 CORP.,    )
                                    )
            Appellants,             )
                                    )
            v.                      )    No. 05 C 4874
                                    )
KMART CORPORATION, et al.,          )
                                    )
            Appellees.              )

**MEMORANDUM OPINION**

In this case, RM 18 Corp. and its principal, Lawrence Kadish, appealed from Bankruptcy Judge Sonderby's order of July 11, 2005, which resolved lease rejection claims for certain Kmart stores in the bankruptcy reorganization of Kmart Corporation ("Kmart"). Appellees J.P. Morgan Trust Company, N.A. ("J.P. Morgan") and Aztex Associates, L.P. ("Aztex") moved to dismiss the appeal or, in the alternative, to require appellants to post a bond. We denied the motions, but nevertheless affirmed the bankruptcy court's order.

Appellants argued that Judge Sonderby's order incorporated and was based upon the "erroneous" ruling of Bankruptcy Judge Eisenberg of the United States Bankruptcy Court for the Eastern District of New York in a separate case that involved the parties. Appellants assigned error to Judge Eisenberg's conclusion that a settlement in that case was fair and reasonable and that it would be unreasonable for Kadish to withhold his consent to the settlement. We

determined that appellants in essence were asking us to review Judge Eisenberg's decision, and we held that the doctrine of collateral estoppel applied to preclude appellants from relitigating the issue of their consent to the settlement. Because issue preclusion is an affirmative defense, we affirmed Judge Sonderby's order rather than dismissing the appeal. (Memorandum Opinion of November 14, 2005.)

J.P. Morgan has now moved for an award of fees and costs against RM 18 Corp. and Kadish pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of the Federal Rules of Bankruptcy Procedure. J.P. Morgan seeks an award of its attorney's fees and costs incurred in defending this appeal. It contends that the appeal was frivolous and brought in bad faith.

Federal Rule of Appellate Procedure 1(a)(1) states that the Federal Rules of Appellate Procedure are applicable only to proceedings in the United States courts of appeals. Therefore, the applicable rule here is not Rule 38 of the Federal Rules of Appellate Procedure, but rather Rule 8020 of the Federal Rules of Bankruptcy Procedure. It makes little practical difference, however, because Rule 8020 is patterned after and materially identical to Rule 38, and courts considering Rule 8020 motions have applied case law interpreting Rule 38. See Fed. R. Bankr. P. 8020 advisory committee's note ("By conforming to the language of Rule 38 F. R. App. P., this rule recognizes that the authority to award

damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."); Safety Nat'l Cas. Corp. v. Kaiser Aluminum & Chem. Corp., No. Civ. A. 02-1580 JJF, 2003 WL 22928045, at *1 (D. Del. Nov. 25, 2003); Pettey v. Belanger, 232 B.R. 543, 548 (D. Mass. 1999).

Rule 8020 provides: "If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We are guided by Seventh Circuit case law applying Fed. R. App. P. 38, which indicates that the decision whether to impose sanctions is discretionary. See Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 841 (7th Cir. 1999). "Sanctions are justified under Rule 38 when the result is obvious or when the appellant's argument is wholly without merit." Flaherty v. Gas Research Inst., 31 F.3d 451, 459 (7th Cir. 1994) (internal quotation marks omitted). The Seventh Circuit also generally requires "some evidence that an appeal was pursued in bad faith before finding that sanctions should be imposed." Id.

The first factor is satisfied in this case: the appeal was frivolous. It was meritless and had no prospect of success in view of the doctrine of issue preclusion, which prevented us from reviewing Judge Eisenberg's rulings, the very rulings to which

appellants assigned error. Indeed, as noted in our previous opinion, appellants wholly failed to address or even acknowledge the doctrine of issue preclusion in their response to appellees' motion to dismiss the appeal.

Before an award of damages and costs can be made, however, there must also be "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the [original] judgment and for purposes of delay or harassment or out of sheer obstinacy." <u>Henry v. Farmer City State Bank</u>, 808 F.2d 1228, 1241 (7th Cir. 1986).

In addition to its argument that appellants wholly failed to address the doctrine of issue preclusion (which bears on frivolousness but not bad faith), J.P. Morgan suggests that two factors are probative of bad faith. One is that appellants failed to comply with procedural rules. J.P. Morgan contends that appellants did not properly cite the record on appeal in their briefs and that appellants failed to seek leave to submit an oversized opening brief until after the brief had been filed and J.P. Morgan raised the issue. Even assuming that appellants did violate procedural rules in these limited instances, we are not persuaded that this is evidence of bad faith. They were not egregious violations, and J.P. Morgan was not prejudiced in any way.

J.P. Morgan's more convincing argument for the existence of bad faith is that appellants failed to disclose in their opening brief that they had appealed from Bankruptcy Judge Eisenberg's decision and that their appeal was currently pending before Judge Spatt of the Eastern District of New York. In our previous opinion, we noted that omission with disapproval. But we do not believe that it rises to the level of "bad faith" because it is not evidence of obstinacy or purposeful delay or harassment. All we can conclude is that the failure to mention the appeal was the result of negligent brief-writing. There was zero chance that appellees would not call the existence of the appeal to our attention. More importantly, although the fact that the appeal was pending was relevant, the dispositive factor for purposes of applying the doctrine of issue preclusion was the existence of a final judgment in the New York bankruptcy proceeding, which was discussed in appellants' brief at great length.

We find that the appeal was frivolous, but because there is no evidence that appellants pursued it in bad faith, in the exercise of our discretion, we deny J.P. Morgan's request for an award of fees and costs.

DATE:       March 13, 2006


ENTER:

_____
John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAWRENCE KADISH and RM 18 CORP.,    )
                                    )
          Appellants,               )
                                    )
          v.                        )    No. 05 C 4874
                                    )
KMART CORPORATION, et al.,          )
                                    )
          Appellees.                )


**<u>MEMORANDUM OPINION</u>**

In this case, RM 18 Corp. and its principal, Lawrence Kadish, appealed from Bankruptcy Judge Sonderby's order of July 11, 2005, which resolved lease rejection claims for certain Kmart stores in the bankruptcy reorganization of Kmart Corporation ("Kmart"). Appellees J.P. Morgan Trust Company, N.A. ("J.P. Morgan") and Aztex Associates, L.P. ("Aztex") moved to dismiss the appeal or, in the alternative, to require appellants to post a bond. We denied the motions, but nevertheless affirmed the bankruptcy court's order.

Appellants argued that Judge Sonderby's order incorporated and was based upon the "erroneous" ruling of Bankruptcy Judge Eisenberg of the United States Bankruptcy Court for the Eastern District of New York in a separate case that involved the parties. Appellants assigned error to Judge Eisenberg's conclusion that a settlement in that case was fair and reasonable and that it would be unreasonable for Kadish to withhold his consent to the settlement. We

determined that appellants in essence were asking us to review Judge Eisenberg's decision, and we held that the doctrine of collateral estoppel applied to preclude appellants from relitigating the issue of their consent to the settlement. Because issue preclusion is an affirmative defense, we affirmed Judge Sonderby's order rather than dismissing the appeal. (Memorandum Opinion of November 14, 2005.)

J.P. Morgan has now moved for an award of fees and costs against RM 18 Corp. and Kadish pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of the Federal Rules of Bankruptcy Procedure. J.P. Morgan seeks an award of its attorney's fees and costs incurred in defending this appeal. It contends that the appeal was frivolous and brought in bad faith.

Federal Rule of Appellate Procedure 1(a)(1) states that the Federal Rules of Appellate Procedure are applicable only to proceedings in the United States courts of appeals. Therefore, the applicable rule here is not Rule 38 of the Federal Rules of Appellate Procedure, but rather Rule 8020 of the Federal Rules of Bankruptcy Procedure. It makes little practical difference, however, because Rule 8020 is patterned after and materially identical to Rule 38, and courts considering Rule 8020 motions have applied case law interpreting Rule 38. See Fed. R. Bankr. P. 8020 advisory committee's note ("By conforming to the language of Rule 38 F. R. App. P., this rule recognizes that the authority to award

damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."); Safety Nat'l Cas. Corp. v. Kaiser Aluminum & Chem. Corp., No. Civ. A. 02-1580 JJF, 2003 WL 22928045, at *1 (D. Del. Nov. 25, 2003); Pettey v. Belanger, 232 B.R. 543, 548 (D. Mass. 1999).

Rule 8020 provides: "If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We are guided by Seventh Circuit case law applying Fed. R. App. P. 38, which indicates that the decision whether to impose sanctions is discretionary. See Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 841 (7th Cir. 1999). "Sanctions are justified under Rule 38 when the result is obvious or when the appellant's argument is wholly without merit." Flaherty v. Gas Research Inst., 31 F.3d 451, 459 (7th Cir. 1994) (internal quotation marks omitted). The Seventh Circuit also generally requires "some evidence that an appeal was pursued in bad faith before finding that sanctions should be imposed." Id.

The first factor is satisfied in this case: the appeal was frivolous. It was meritless and had no prospect of success in view of the doctrine of issue preclusion, which prevented us from reviewing Judge Eisenberg's rulings, the very rulings to which

appellants assigned error. Indeed, as noted in our previous opinion, appellants wholly failed to address or even acknowledge the doctrine of issue preclusion in their response to appellees' motion to dismiss the appeal.

Before an award of damages and costs can be made, however, there must also be "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the [original] judgment and for purposes of delay or harassment or out of sheer obstinacy." Henry v. Farmer City State Bank, 808 F.2d 1228, 1241 (7th Cir. 1986).

In addition to its argument that appellants wholly failed to address the doctrine of issue preclusion (which bears on frivolousness but not bad faith), J.P. Morgan suggests that two factors are probative of bad faith. One is that appellants failed to comply with procedural rules. J.P. Morgan contends that appellants did not properly cite the record on appeal in their briefs and that appellants failed to seek leave to submit an oversized opening brief until after the brief had been filed and J.P. Morgan raised the issue. Even assuming that appellants did violate procedural rules in these limited instances, we are not persuaded that this is evidence of bad faith. They were not egregious violations, and J.P. Morgan was not prejudiced in any way.

J.P. Morgan's more convincing argument for the existence of bad faith is that appellants failed to disclose in their opening brief that they had appealed from Bankruptcy Judge Eisenberg's decision and that their appeal was currently pending before Judge Spatt of the Eastern District of New York. In our previous opinion, we noted that omission with disapproval. But we do not believe that it rises to the level of "bad faith" because it is not evidence of obstinacy or purposeful delay or harassment. All we can conclude is that the failure to mention the appeal was the result of negligent brief-writing. There was zero chance that appellees would not call the existence of the appeal to our attention. More importantly, although the fact that the appeal was pending was relevant, the dispositive factor for purposes of applying the doctrine of issue preclusion was the existence of a final judgment in the New York bankruptcy proceeding, which was discussed in appellants' brief at great length.

We find that the appeal was frivolous, but because there is no evidence that appellants pursued it in bad faith, in the exercise of our discretion, we deny J.P. Morgan's request for an award of fees and costs.

DATE:      March 13, 2006


ENTER:

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAWRENCE KADISH and RM 18 CORP.,    )
                                    )
            Appellants,             )
                                    )
        v.                          )    No. 05 C 4874
                                    )
KMART CORPORATION, et al.,          )
                                    )
            Appellees.              )


                    **MEMORANDUM OPINION**

     In this case, RM 18 Corp. and its principal, Lawrence Kadish,
appealed from Bankruptcy Judge Sonderby's order of July 11, 2005,
which resolved lease rejection claims for certain Kmart stores in
the bankruptcy reorganization of Kmart Corporation ("Kmart").
Appellees J.P. Morgan Trust Company, N.A. ("J.P. Morgan") and Aztex
Associates, L.P. ("Aztex") moved to dismiss the appeal or, in the
alternative, to require appellants to post a bond.  We denied the
motions, but nevertheless affirmed the bankruptcy court's order.

     Appellants argued that Judge Sonderby's order incorporated and
was based upon the "erroneous" ruling of Bankruptcy Judge Eisenberg
of the United States Bankruptcy Court for the Eastern District of
New York in a separate case that involved the parties.  Appellants
assigned error to Judge Eisenberg's conclusion that a settlement in
that case was fair and reasonable and that it would be unreasonable
for Kadish to withhold his consent to the settlement.    We

determined that appellants in essence were asking us to review Judge Eisenberg's decision, and we held that the doctrine of collateral estoppel applied to preclude appellants from relitigating the issue of their consent to the settlement. Because issue preclusion is an affirmative defense, we affirmed Judge Sonderby's order rather than dismissing the appeal. (Memorandum Opinion of November 14, 2005.)

J.P. Morgan has now moved for an award of fees and costs against RM 18 Corp. and Kadish pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of the Federal Rules of Bankruptcy Procedure. J.P. Morgan seeks an award of its attorney's fees and costs incurred in defending this appeal. It contends that the appeal was frivolous and brought in bad faith.

Federal Rule of Appellate Procedure 1(a)(1) states that the Federal Rules of Appellate Procedure are applicable only to proceedings in the United States courts of appeals. Therefore, the applicable rule here is not Rule 38 of the Federal Rules of Appellate Procedure, but rather Rule 8020 of the Federal Rules of Bankruptcy Procedure. It makes little practical difference, however, because Rule 8020 is patterned after and materially identical to Rule 38, and courts considering Rule 8020 motions have applied case law interpreting Rule 38. See Fed. R. Bankr. P. 8020 advisory committee's note ("By conforming to the language of Rule 38 F. R. App. P., this rule recognizes that the authority to award

damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."); <u>Safety Nat'l Cas. Corp. v. Kaiser Aluminum & Chem. Corp.</u>, No. Civ. A. 02-1580 JJF, 2003 WL 22928045, at *1 (D. Del. Nov. 25, 2003); <u>Pettey v. Belanger</u>, 232 B.R. 543, 548 (D. Mass. 1999).

Rule 8020 provides: "If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We are guided by Seventh Circuit case law applying Fed. R. App. P. 38, which indicates that the decision whether to impose sanctions is discretionary. <u>See</u> <u>Pokuta v. Trans World Airlines, Inc.</u>, 191 F.3d 834, 841 (7th Cir. 1999). "Sanctions are justified under Rule 38 when the result is obvious or when the appellant's argument is wholly without merit." <u>Flaherty v. Gas Research Inst.</u>, 31 F.3d 451, 459 (7th Cir. 1994) (internal quotation marks omitted). The Seventh Circuit also generally requires "some evidence that an appeal was pursued in bad faith before finding that sanctions should be imposed." <u>Id.</u>

The first factor is satisfied in this case: the appeal was frivolous. It was meritless and had no prospect of success in view of the doctrine of issue preclusion, which prevented us from reviewing Judge Eisenberg's rulings, the very rulings to which

appellants assigned error. Indeed, as noted in our previous opinion, appellants wholly failed to address or even acknowledge the doctrine of issue preclusion in their response to appellees' motion to dismiss the appeal.

Before an award of damages and costs can be made, however, there must also be "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the [original] judgment and for purposes of delay or harassment or out of sheer obstinacy." Henry v. Farmer City State Bank, 808 F.2d 1228, 1241 (7th Cir. 1986).

In addition to its argument that appellants wholly failed to address the doctrine of issue preclusion (which bears on frivolousness but not bad faith), J.P. Morgan suggests that two factors are probative of bad faith. One is that appellants failed to comply with procedural rules. J.P. Morgan contends that appellants did not properly cite the record on appeal in their briefs and that appellants failed to seek leave to submit an oversized opening brief until after the brief had been filed and J.P. Morgan raised the issue. Even assuming that appellants did violate procedural rules in these limited instances, we are not persuaded that this is evidence of bad faith. They were not egregious violations, and J.P. Morgan was not prejudiced in any way.

J.P. Morgan's more convincing argument for the existence of bad faith is that appellants failed to disclose in their opening brief that they had appealed from Bankruptcy Judge Eisenberg's decision and that their appeal was currently pending before Judge Spatt of the Eastern District of New York. In our previous opinion, we noted that omission with disapproval. But we do not believe that it rises to the level of "bad faith" because it is not evidence of obstinacy or purposeful delay or harassment. All we can conclude is that the failure to mention the appeal was the result of negligent brief-writing. There was zero chance that appellees would not call the existence of the appeal to our attention. More importantly, although the fact that the appeal was pending was relevant, the dispositive factor for purposes of applying the doctrine of issue preclusion was the existence of a final judgment in the New York bankruptcy proceeding, which was discussed in appellants' brief at great length.

We find that the appeal was frivolous, but because there is no evidence that appellants pursued it in bad faith, in the exercise of our discretion, we deny J.P. Morgan's request for an award of fees and costs.

DATE:      March 13, 2006


ENTER:     _____
           John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAWRENCE KADISH and RM 18 CORP.,    )
                                    )
            Appellants,             )
                                    )
      v.                            )    No. 05 C 4874
                                    )
KMART CORPORATION, et al.,          )
                                    )
            Appellees.              )

**<u>MEMORANDUM OPINION</u>**

     In this case, RM 18 Corp. and its principal, Lawrence Kadish,
appealed from Bankruptcy Judge Sonderby's order of July 11, 2005,
which resolved lease rejection claims for certain Kmart stores in
the bankruptcy reorganization of Kmart Corporation ("Kmart").
Appellees J.P. Morgan Trust Company, N.A. ("J.P. Morgan") and Aztex
Associates, L.P. ("Aztex") moved to dismiss the appeal or, in the
alternative, to require appellants to post a bond.  We denied the
motions, but nevertheless affirmed the bankruptcy court's order.

     Appellants argued that Judge Sonderby's order incorporated and
was based upon the "erroneous" ruling of Bankruptcy Judge Eisenberg
of the United States Bankruptcy Court for the Eastern District of
New York in a separate case that involved the parties.  Appellants
assigned error to Judge Eisenberg's conclusion that a settlement in
that case was fair and reasonable and that it would be unreasonable
for Kadish to withhold his consent to the settlement.  We

determined that appellants in essence were asking us to review Judge Eisenberg's decision, and we held that the doctrine of collateral estoppel applied to preclude appellants from relitigating the issue of their consent to the settlement.  Because issue preclusion is an affirmative defense, we affirmed Judge Sonderby's order rather than dismissing the appeal.  (Memorandum Opinion of November 14, 2005.)

J.P. Morgan has now moved for an award of fees and costs against RM 18 Corp. and Kadish pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of the Federal Rules of Bankruptcy Procedure.  J.P. Morgan seeks an award of its attorney's fees and costs incurred in defending this appeal.  It contends that the appeal was frivolous and brought in bad faith.

Federal Rule of Appellate Procedure 1(a)(1) states that the Federal Rules of Appellate Procedure are applicable only to proceedings in the United States courts of appeals.  Therefore, the applicable rule here is not Rule 38 of the Federal Rules of Appellate Procedure, but rather Rule 8020 of the Federal Rules of Bankruptcy Procedure.  It makes little practical difference, however, because Rule 8020 is patterned after and materially identical to Rule 38, and courts considering Rule 8020 motions have applied case law interpreting Rule 38.  See Fed. R. Bankr. P. 8020 advisory committee's note ("By conforming to the language of Rule 38 F. R. App. P., this rule recognizes that the authority to award

damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."); Safety Nat'l Cas. Corp. v. Kaiser Aluminum & Chem. Corp., No. Civ. A. 02-1580 JJF, 2003 WL 22928045, at *1 (D. Del. Nov. 25, 2003); Pettey v. Belanger, 232 B.R. 543, 548 (D. Mass. 1999).

Rule 8020 provides: "If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We are guided by Seventh Circuit case law applying Fed. R. App. P. 38, which indicates that the decision whether to impose sanctions is discretionary. See Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 841 (7th Cir. 1999). "Sanctions are justified under Rule 38 when the result is obvious or when the appellant's argument is wholly without merit." Flaherty v. Gas Research Inst., 31 F.3d 451, 459 (7th Cir. 1994) (internal quotation marks omitted). The Seventh Circuit also generally requires "some evidence that an appeal was pursued in bad faith before finding that sanctions should be imposed." Id.

The first factor is satisfied in this case: the appeal was frivolous. It was meritless and had no prospect of success in view of the doctrine of issue preclusion, which prevented us from reviewing Judge Eisenberg's rulings, the very rulings to which

appellants assigned error. Indeed, as noted in our previous opinion, appellants wholly failed to address or even acknowledge the doctrine of issue preclusion in their response to appellees' motion to dismiss the appeal.

Before an award of damages and costs can be made, however, there must also be "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the [original] judgment and for purposes of delay or harassment or out of sheer obstinacy." <u>Henry v. Farmer City State Bank</u>, 808 F.2d 1228, 1241 (7th Cir. 1986).

In addition to its argument that appellants wholly failed to address the doctrine of issue preclusion (which bears on frivolousness but not bad faith), J.P. Morgan suggests that two factors are probative of bad faith. One is that appellants failed to comply with procedural rules. J.P. Morgan contends that appellants did not properly cite the record on appeal in their briefs and that appellants failed to seek leave to submit an oversized opening brief until after the brief had been filed and J.P. Morgan raised the issue. Even assuming that appellants did violate procedural rules in these limited instances, we are not persuaded that this is evidence of bad faith. They were not egregious violations, and J.P. Morgan was not prejudiced in any way.

J.P. Morgan's more convincing argument for the existence of bad faith is that appellants failed to disclose in their opening brief that they had appealed from Bankruptcy Judge Eisenberg's decision and that their appeal was currently pending before Judge Spatt of the Eastern District of New York. In our previous opinion, we noted that omission with disapproval. But we do not believe that it rises to the level of "bad faith" because it is not evidence of obstinacy or purposeful delay or harassment. All we can conclude is that the failure to mention the appeal was the result of negligent brief-writing. There was zero chance that appellees would not call the existence of the appeal to our attention. More importantly, although the fact that the appeal was pending was relevant, the dispositive factor for purposes of applying the doctrine of issue preclusion was the existence of a final judgment in the New York bankruptcy proceeding, which was discussed in appellants' brief at great length.

We find that the appeal was frivolous, but because there is no evidence that appellants pursued it in bad faith, in the exercise of our discretion, we deny J.P. Morgan's request for an award of fees and costs.

DATE:      March 13, 2006


ENTER:     _____
           John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LAWRENCE KADISH and RM 18 CORP.,    )
                                     )
          Appellants,                )
                                     )
     v.                              )    No. 05 C 4874
                                     )
KMART CORPORATION, et al.,           )
                                     )
          Appellees.                 )

**MEMORANDUM OPINION**

     In this case, RM 18 Corp. and its principal, Lawrence Kadish,

appealed from Bankruptcy Judge Sonderby's order of July 11, 2005,

which resolved lease rejection claims for certain Kmart stores in

the bankruptcy reorganization of Kmart Corporation ("Kmart").

Appellees J.P. Morgan Trust Company, N.A. ("J.P. Morgan") and Aztex

Associates, L.P. ("Aztex") moved to dismiss the appeal or, in the

alternative, to require appellants to post a bond.  We denied the

motions, but nevertheless affirmed the bankruptcy court's order.

     Appellants argued that Judge Sonderby's order incorporated and

was based upon the "erroneous" ruling of Bankruptcy Judge Eisenberg

of the United States Bankruptcy Court for the Eastern District of

New York in a separate case that involved the parties.  Appellants

assigned error to Judge Eisenberg's conclusion that a settlement in

that case was fair and reasonable and that it would be unreasonable

for Kadish to withhold his consent to the settlement.  We

determined that appellants in essence were asking us to review Judge Eisenberg's decision, and we held that the doctrine of collateral estoppel applied to preclude appellants from relitigating the issue of their consent to the settlement. Because issue preclusion is an affirmative defense, we affirmed Judge Sonderby's order rather than dismissing the appeal. (Memorandum Opinion of November 14, 2005.)

J.P. Morgan has now moved for an award of fees and costs against RM 18 Corp. and Kadish pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of the Federal Rules of Bankruptcy Procedure. J.P. Morgan seeks an award of its attorney's fees and costs incurred in defending this appeal. It contends that the appeal was frivolous and brought in bad faith.

Federal Rule of Appellate Procedure 1(a)(1) states that the Federal Rules of Appellate Procedure are applicable only to proceedings in the United States courts of appeals. Therefore, the applicable rule here is not Rule 38 of the Federal Rules of Appellate Procedure, but rather Rule 8020 of the Federal Rules of Bankruptcy Procedure. It makes little practical difference, however, because Rule 8020 is patterned after and materially identical to Rule 38, and courts considering Rule 8020 motions have applied case law interpreting Rule 38. See Fed. R. Bankr. P. 8020 advisory committee's note ("By conforming to the language of Rule 38 F. R. App. P., this rule recognizes that the authority to award

damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."); Safety Nat'l Cas. Corp. v. Kaiser Aluminum & Chem. Corp., No. Civ. A. 02-1580 JJF, 2003 WL 22928045, at *1 (D. Del. Nov. 25, 2003); Pettey v. Belanger, 232 B.R. 543, 548 (D. Mass. 1999).

Rule 8020 provides: "If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We are guided by Seventh Circuit case law applying Fed. R. App. P. 38, which indicates that the decision whether to impose sanctions is discretionary. See Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 841 (7th Cir. 1999). "Sanctions are justified under Rule 38 when the result is obvious or when the appellant's argument is wholly without merit." Flaherty v. Gas Research Inst., 31 F.3d 451, 459 (7th Cir. 1994) (internal quotation marks omitted). The Seventh Circuit also generally requires "some evidence that an appeal was pursued in bad faith before finding that sanctions should be imposed." Id.

The first factor is satisfied in this case: the appeal was frivolous. It was meritless and had no prospect of success in view of the doctrine of issue preclusion, which prevented us from reviewing Judge Eisenberg's rulings, the very rulings to which

appellants assigned error. Indeed, as noted in our previous opinion, appellants wholly failed to address or even acknowledge the doctrine of issue preclusion in their response to appellees' motion to dismiss the appeal.

Before an award of damages and costs can be made, however, there must also be "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the [original] judgment and for purposes of delay or harassment or out of sheer obstinacy." <u>Henry v. Farmer City State Bank</u>, 808 F.2d 1228, 1241 (7th Cir. 1986).

In addition to its argument that appellants wholly failed to address the doctrine of issue preclusion (which bears on frivolousness but not bad faith), J.P. Morgan suggests that two factors are probative of bad faith. One is that appellants failed to comply with procedural rules. J.P. Morgan contends that appellants did not properly cite the record on appeal in their briefs and that appellants failed to seek leave to submit an oversized opening brief until after the brief had been filed and J.P. Morgan raised the issue. Even assuming that appellants did violate procedural rules in these limited instances, we are not persuaded that this is evidence of bad faith. They were not egregious violations, and J.P. Morgan was not prejudiced in any way.

J.P. Morgan's more convincing argument for the existence of bad faith is that appellants failed to disclose in their opening brief that they had appealed from Bankruptcy Judge Eisenberg's decision and that their appeal was currently pending before Judge Spatt of the Eastern District of New York. In our previous opinion, we noted that omission with disapproval. But we do not believe that it rises to the level of "bad faith" because it is not evidence of obstinacy or purposeful delay or harassment. All we can conclude is that the failure to mention the appeal was the result of negligent brief-writing. There was zero chance that appellees would not call the existence of the appeal to our attention. More importantly, although the fact that the appeal was pending was relevant, the dispositive factor for purposes of applying the doctrine of issue preclusion was the existence of a final judgment in the New York bankruptcy proceeding, which was discussed in appellants' brief at great length.

We find that the appeal was frivolous, but because there is no evidence that appellants pursued it in bad faith, in the exercise of our discretion, we deny J.P. Morgan's request for an award of fees and costs.

DATE:     March 13, 2006

ENTER:
_____
John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAWRENCE KADISH and RM 18 CORP.,     )
                                      )
          Appellants,                 )
                                      )
          v.                          )     No. 05 C 4874
                                      )
KMART CORPORATION, et al.,            )
                                      )
          Appellees.                  )

**<u>MEMORANDUM OPINION</u>**

In this case, RM 18 Corp. and its principal, Lawrence Kadish, appealed from Bankruptcy Judge Sonderby's order of July 11, 2005, which resolved lease rejection claims for certain Kmart stores in the bankruptcy reorganization of Kmart Corporation ("Kmart"). Appellees J.P. Morgan Trust Company, N.A. ("J.P. Morgan") and Aztex Associates, L.P. ("Aztex") moved to dismiss the appeal or, in the alternative, to require appellants to post a bond. We denied the motions, but nevertheless affirmed the bankruptcy court's order.

Appellants argued that Judge Sonderby's order incorporated and was based upon the "erroneous" ruling of Bankruptcy Judge Eisenberg of the United States Bankruptcy Court for the Eastern District of New York in a separate case that involved the parties. Appellants assigned error to Judge Eisenberg's conclusion that a settlement in that case was fair and reasonable and that it would be unreasonable for Kadish to withhold his consent to the settlement. We

determined that appellants in essence were asking us to review Judge Eisenberg's decision, and we held that the doctrine of collateral estoppel applied to preclude appellants from relitigating the issue of their consent to the settlement. Because issue preclusion is an affirmative defense, we affirmed Judge Sonderby's order rather than dismissing the appeal. (Memorandum Opinion of November 14, 2005.)

J.P. Morgan has now moved for an award of fees and costs against RM 18 Corp. and Kadish pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of the Federal Rules of Bankruptcy Procedure. J.P. Morgan seeks an award of its attorney's fees and costs incurred in defending this appeal. It contends that the appeal was frivolous and brought in bad faith.

Federal Rule of Appellate Procedure 1(a)(1) states that the Federal Rules of Appellate Procedure are applicable only to proceedings in the United States courts of appeals. Therefore, the applicable rule here is not Rule 38 of the Federal Rules of Appellate Procedure, but rather Rule 8020 of the Federal Rules of Bankruptcy Procedure. It makes little practical difference, however, because Rule 8020 is patterned after and materially identical to Rule 38, and courts considering Rule 8020 motions have applied case law interpreting Rule 38. See Fed. R. Bankr. P. 8020 advisory committee's note ("By conforming to the language of Rule 38 F. R. App. P., this rule recognizes that the authority to award

damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."); <u>Safety Nat'l Cas. Corp. v. Kaiser Aluminum & Chem. Corp.</u>, No. Civ. A. 02-1580 JJF, 2003 WL 22928045, at *1 (D. Del. Nov. 25, 2003); <u>Pettey v. Belanger</u>, 232 B.R. 543, 548 (D. Mass. 1999).

Rule 8020 provides: "If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We are guided by Seventh Circuit case law applying Fed. R. App. P. 38, which indicates that the decision whether to impose sanctions is discretionary. <u>See</u> <u>Pokuta v. Trans World Airlines, Inc.</u>, 191 F.3d 834, 841 (7th Cir. 1999). "Sanctions are justified under Rule 38 when the result is obvious or when the appellant's argument is wholly without merit." <u>Flaherty v. Gas Research Inst.</u>, 31 F.3d 451, 459 (7th Cir. 1994) (internal quotation marks omitted). The Seventh Circuit also generally requires "some evidence that an appeal was pursued in bad faith before finding that sanctions should be imposed." <u>Id.</u>

The first factor is satisfied in this case: the appeal was frivolous. It was meritless and had no prospect of success in view of the doctrine of issue preclusion, which prevented us from reviewing Judge Eisenberg's rulings, the very rulings to which

appellants assigned error. Indeed, as noted in our previous opinion, appellants wholly failed to address or even acknowledge the doctrine of issue preclusion in their response to appellees' motion to dismiss the appeal.

Before an award of damages and costs can be made, however, there must also be "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the [original] judgment and for purposes of delay or harassment or out of sheer obstinacy." <u>Henry v. Farmer City State Bank</u>, 808 F.2d 1228, 1241 (7th Cir. 1986).

In addition to its argument that appellants wholly failed to address the doctrine of issue preclusion (which bears on frivolousness but not bad faith), J.P. Morgan suggests that two factors are probative of bad faith. One is that appellants failed to comply with procedural rules. J.P. Morgan contends that appellants did not properly cite the record on appeal in their briefs and that appellants failed to seek leave to submit an oversized opening brief until after the brief had been filed and J.P. Morgan raised the issue. Even assuming that appellants did violate procedural rules in these limited instances, we are not persuaded that this is evidence of bad faith. They were not egregious violations, and J.P. Morgan was not prejudiced in any way.

J.P. Morgan's more convincing argument for the existence of bad faith is that appellants failed to disclose in their opening brief that they had appealed from Bankruptcy Judge Eisenberg's decision and that their appeal was currently pending before Judge Spatt of the Eastern District of New York. In our previous opinion, we noted that omission with disapproval. But we do not believe that it rises to the level of "bad faith" because it is not evidence of obstinacy or purposeful delay or harassment. All we can conclude is that the failure to mention the appeal was the result of negligent brief-writing. There was zero chance that appellees would not call the existence of the appeal to our attention. More importantly, although the fact that the appeal was pending was relevant, the dispositive factor for purposes of applying the doctrine of issue preclusion was the existence of a final judgment in the New York bankruptcy proceeding, which was discussed in appellants' brief at great length.

We find that the appeal was frivolous, but because there is no evidence that appellants pursued it in bad faith, in the exercise of our discretion, we deny J.P. Morgan's request for an award of fees and costs.

DATE:      March 13, 2006


ENTER:     _____

John F. Grady, United States District Judge